STATE OF NEW JERSEY v. JACK BERENATO.

STATE OF NEW JERSEY v. HARRY HAGGERTY.

Argued December 22, 1947—Decided January 5, 1948.

For Jack Berenato, *Edward I. Feinberg.*

For Harry Haggerty, *John Rauffenbart.*

For the State of New Jersey, *Warren Dixon, Jr.,* Deputy Attorney-General.

EASTWOOD, J. The above named defendants, Jack Berenato and Harry Haggerty, apply for writs of *certiorari* to remove into the Supreme Court indictments returned against them by the grand jury of Atlantic County at the May term, 1947. Both indictments contain two counts: one charging the keeping and making of a book on the running of horses, &c., and the other keeping and maintaining a place with intent that persons might resort thereto for the purpose of betting on the outcome of the racing of horses, &c. The applications are similar and, by consent of counsel, were argued together. The applications for the writs set forth twelve reasons why the indictments should be quashed, and are succinctly stated in the brief submitted on behalf of defendants, as follows:

"1. There is no valid subsisting statute upon which the indictment can be based.

"2. The indictment does not negative the saving or. proviso clause in the statute *R. S.* 2:135–3 or in the constitutional amendment of 1939 which provides that the act in question shall not apply to pari-mutuel betting, &c."

Motions to quash said indictments were heretofore made to Honorable Robert L. Warke, presiding over the Court of Oyer and Terminer of the County of Atlantic, who denied same.

I cannot agree with the applicants that the allowance of the writs of *certiorari* at this stage of the proceedings is the proper course to pursue. It is not amiss to quote the rather pertinent language used by Mr. Justice Kalisch, speaking for the Supreme Court, in *State* v. *Bolitho*, 103 *N. J. L.* 246; 136 *Atl. Rep.* 164, 169; affirmed in 104 *N. J. L.* 446; 146 *Atl. Rep.* 927, wherein he discussed the removal of indictments by writ of *certiorari* into the Supreme Court, as follows:

"An application to a Supreme Court Justice for a writ of *certiorari* to remove an indictment into the Supreme Court for the purpose of moving before that tribunal to quash is addressed to the discretion of the justice. If he refuses to exercise his discretion to allow the writ, the application may be made to the Supreme Court *en banc*. But the refusal of either furnishes no proper basis for an assignment of error, under proceedings by strict writ of error nor for a specification of cause for reversal in proceedings under the one hundred and thirty-sixth section of the Criminal Procedure Act. It will not be out of place to state here that for more than fifty years it was the fixed practice to disallow an application for a writ of *certiorari* to remove an indictment into the Supreme Court for the purpose of moving there to quash it, unless the prosecutor of the pleas consented to its removal, or unless it appeared upon the face of the indictment that it was clearly defective in substance and a motion to quash had been made in the court of the first instance, which motion was denied.

"It is evident that such a course avoids delay in the trial of criminal cases, without depriving a defendant of any legal right he. may have to question the validity of the indictment

against him, on the trial and upon appeal, of course, if he pursues the practice which obtains in that respect."

I am not unmindful of the fact that application to quash these indictments has been made to and denied by Judge Warke. I am of the opinion that the indictments on their face are not clearly defective in substance and, from a consideration of the arguments of counsel and their briefs, there is not a debatable question as to the validity of said indictments.

The denial of these applications will not deprive the applicants of any legal rights they may have, and which they may assert at the trial and upon appeal, if they pursue the practice applicable thereto. Such a course will not unnecessarily impede or delay the trial of these defendants under said indictments.

The applications of Jack Berenato and Harry Haggerty for writs of *certiorari* are denied, without costs.